In the Court of Common Pleas of Perry County.

## GEORGE TITZEL *v.* WM. D. SMEIGH, JOHN LEONARD AND JONAS SMITH.

In a judgment against a principal and sureties, parties had voluntarily incurred liability as sureties for stay of execution for all the defendants although only solicited on the part of the principal, and at the expiration of the stay had paid the debt to the plaintiff and then sought substitution against the surety defendants. *Held*, they were without right to the claim.

Rule to show cause why Hugh Campbell, ex. of Shuler, dec'd and F. M. McKeehan, should not be subrogated to the rights of Plaintiff in the foregoing judgment.

Opinion delivered by                                    ◆

JUNKIN, P. J. Titzel the plaintiff, on the 6th of February, 1872, entered the above stated judgment on a note, in which William D. Smeigh was principal, and John Leonard and Jonas Smith were sureties, and thus all three are defendants, and the real debt is $245.20.

Two days after its entry, Shuler and McKeehan became security for stay of execution under the following circumstances: Smeigh the principal debtor, and as he swears without telling Leonard and Smith of his intention, and so far as we can see without their knowing of it, or consenting to it, applied to Shuler and McKeehan to go security for stay, &c., and when about to do so before Judge Baker, they both objected, because the printed form of recognizance had been filled up so as to read "upon condition that if the said *Wm. D. Smeigh the real defendant, &c.*" saying that the understanding was, that they were going security for all the defendants, Smeigh, Leonard and Smith. This shows very clearly that they knew Smeigh was the real or principal debtor, and the other two defendants sureties only.

Then Judge and all went to McIntire's office who was Titzel's attorney, and he at the request of Shuler and McKeehan, struck out of the recognizance, by drawing his pen over them, the words, "*Wm. D. Smeigh the*

*real,"* so that the stay *prima facie* was for all the defendants ; but in point of fact the sureties, Leonard and Smith, were not present, and really knew nothing of the stay being given, or applied for; so that in no wise was the act of the principal their act, nor did Shuler and McKeehan become security at their request. Shuler and McKeehan at expiration of the stay, paid the judgment to the plaintiff, and now seek substitution against Leonard and Smith the surety defendants.

They say, *prima facie,* the record shows that they were sureties for all the defendants for stay of execution, and that no proof can be let in to show the truth, because that would contradict the record. But the record is silent as to how they became sureties, and at whose instance, and parol proof that Smeigh only, in the absence, and without the knowledge and consent, of Leonard and Smith, induced them, contradicts no part of the record—all this lies *in pais.* Just such evidence was received in Schnitzel's Appeal, 13 Wright, 23. We regard this last case, and Burns vs. Bank 1. Penn'a Rep. 395 ; Pott vs. Nathans, 1 W. & S. 155, decisive of the question before us :

First, because the relation of principal and surety continued after judgment. 8 S. & R. 452; Bank vs. Bank, 7 W. &. S. 342 ; 8 Barr 155; Boschart vs. Brown, 22 Smith, 372.

Second, " that when a surety intervenes for the purpose of obtaining time for the principal, a prior surety will have the same rights against him, as against the principal—that such prior surety stands in the place of the creditor, and such latter surety stands in the place of the debtor, and can be relieved only by paying the debt." Theobold on principal and surety, § 271. Schnitzel's Appeal, 13 Wright, 23 to 29 ; Burns vs. Bank, 1 Pa. Rep. 395; Pott vs. Nathans, 1 W. & S. 155; Cornwell's Appeal, 7 W. & S. 308 ; McCormick vs. Irwin, 11 Casey, 116.

Third. A surety for stay of execution is not favored, is without right of subrogation, except against the primary debtor or his sureties who have become primary to the surety for stay, as where they themselves put in the security for stay. Unless the latter have done this, he is regarded as the destroyer of the original sureties, and equity casts him out, refusing help, save against the principal debtor, and not even against him if the rights of third parties are affected thereby, Armstrong's Appeal, 5. W. &. S. 356.

Seeing then that Shuler and McKeehan, without the solicitation, knowledge or consent of the sureties, and without power to prevent it in· them, Robison vs. Narbor, 15 Smith, 85, gave the recognizance, we· do not deem it material, that the record *prima facie,* shows them security for all the defendants—the proof shows that as to Leonard and Smith, they voluntarily incurred the liability, and substitution cannot be made.

Rule discharged as to Leonard and Smith.